**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **CURTIS SMITH** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JULY TRIAL DEMANDED** |
| **FUSSELL SHEET METAL WORKS** | ) | |
| **INC. d/b/a FUSSELL** | ) | |
| **MANUFACTURING and DAVID A.** | ) | |
| **FUSSELL** *individually and in his capacity* | ) | |
| *as owner* | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Curtis Smith ("Mr. Smith" or "Plaintiff") respectfully submits this Complaint for Damages and Equitable Relief and alleges as follows:

## INTRODUCTION

1.      Mr. Smith is an African American male who was formerly employed by Fussell Sheet Metal Works Inc. d/b/a Fussell Manufacturing ("Fussell Manufacturing") in the finishing department. Despite satisfactory performance in his role, Mr. Smith suffered disparate treatment when Fussell Manufacturing withheld his promised pay raise, subjected him to a hostile work environment, and terminated

him on the basis of his race.

2.     Plaintiff files this Complaint for declaratory, injunctive, and monetary relief against Fussell Manufacturing as the result of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("section 1981").

## JURISDICTION AND VENUE

3.     The Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4.     The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue for this action in the Northern District of Georgia under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions, and the unlawful actions and practices which give rise to Plaintiff's claims occurred in this District.

## PARTIES

5.     Plaintiff is now and was at all times relevant to this action a citizen of the United States entitled to bring actions of this type and nature. Plaintiff is and was at all times relevant to this action a resident of the state of Georgia.

6.     Defendant Fussell Manufacturing is a domestic profit corporation. Its principal office address is 6865 Barton Rd., Morrow, GA 30260. Its registered agent

for service of process is David A. Fussell. Process can be served at 120 Cadencia Ct., Fayetteville, GA 30215.

7.     Defendant David A. Fussell is a white male and at all relevant times was the President, CEO, and majority stockholder of Fussell Manufacturing. Fussell's home residence is 120 Cadencia Ct., Fayetteville, GA 30215. Fussell is subject to the jurisdiction of this Court and may be served with process by personal service or by leaving copies of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing there, or by delivering a copy of the summons and complaint to an agent authorized to receive service of process.

## FACTUAL BACKGROUND

### Beginning of Plaintiff's Employment and Promotion

8.     Plaintiff began working for Fussell Manufacturing in or about March of 2019 in its finishing department as a temporary worker through Allegiance Staffing. Plaintiff worked as a grinder.

9.     Because of his impressive performance as a temporary worker, Plaintiff was offered a permanent position as a Shift Supervisor.

10.    When Robert Thompson, Night Shift Supervisor, and David Pennington, District Manager, approached Plaintiff with the offer for Shift

Supervisor, they promised a pay rate of $24 per hour that would accompany the position of shift supervisor.

11.     When Plaintiff began his new position as Shift Supervisor on November 24, 2019, he did not receive the raise that he was promised. Instead, he only received $20 per hour.

12.     When Plaintiff asked about this discrepancy, Pennington told Mr. Smith that he could not pay him $24 per hour as promised because Fussell was not willing to pay that rate because Plaintiff is black.

13.     Plaintiff was disappointed by this news, but Pennington assured Plaintiff that there was nothing wrong with his performance.

14.     Pennington also informed Plaintiff that Fussell was racist and treated all black employees poorly.

15.     Later, in July of 2020, Plaintiff had a performance evaluation done. He discussed a raise to the previously agreed rate of $24 per hour. Plaintiff was again told by Pennington that Fussell would not agree to the raise because Plaintiff is black.

16.     During this conversation, Plaintiff and Pennington discussed Fussell's discriminatory treatment of black people, the fact that Plaintiff's pay discrepancy was part of this discrimination, and Plaintiff's opposition to Fussell's discriminatory practices.

**David Fussell's Discriminatory and Retaliatory Treatment**

17.    Fussell discriminatorily and retaliatorily treated Plaintiff and other black employees differently based on their race in several ways.

18.    For instance, Fussell would not allow black employees to play music while working, bring a radio into the workplace, take cigarette breaks, and use the water fountain among other things.

19.    Fussell allowed white employees to do all of these things while black employees were not entitled to the same benefits.

20.     Fussell also required Plaintiff to stay within a certain radius while working so that Fussell could watch him on security cameras when Fussell went home at night.

21.    Fussell did not require any white employees or employees who had not complained of discrimination to stay within a certain radius while working.

22.    During one interaction, Fussell and Plaintiff were discussing a production issue, and Fussell called Plaintiff a "nigger."

23.    Throughout Plaintiff's experience of dealing with this racially discriminatory and retaliatory environment, others, including but not limited to Pennington and Thompson, told Plaintiff "that's just how Fussell is," implying that Fussell was racist toward black people.

24.     Pennington has specifically told Plaintiff that Fussell is racist toward black people and treated Plaintiff poorly because he was black.

### Plaintiff's Unjustified Termination

25.     In mid-December of 2020, night supervisor Robert Thompson told Plaintiff that Fussell intended to fire him. Thompson indicated that there were no grounds to terminate Plaintiff, that Plaintiff had never been written up, and that Plaintiff was a great employee.

26.     On information and belief, Thompson told Fussell of Plaintiff's good standing as an employee which motivated Fussell to create a record upon which he could fire Plaintiff.

27.     On December 28, 2020, Plaintiff was given a write-up for eating at his workstation, taking an unauthorized cigarette break, and failing to clock out correctly on December 21, 2020.

28.     Plaintiff did not work on December 21, 2020, so the allegations in the write-up could not have been true.

29.     When Plaintiff pointed out this contradiction, Pennington told Plaintiff that this write-up was simply a reason to fire him.

30.     On December 29, 2020, Pennington terminated Plaintiff. Pennington told Plaintiff that he had no choice and that this was just a "racist move" by Fussell.

## COUNT I
## 42 U.S.C. § 1981 – RACE DISCRIMINATION - HOSTILE WORK ENVIRONMENT
*Against All Defendants*

31.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

32.     At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing and David Fussell.

33.     42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to his employment.

34.     The above-pleaded discriminatory conduct toward Plaintiff, including, but not limited to, lowered pay, demeaning and exclusionary treatment, use of racial slurs, and unjustified and untrue accusations constitutes a hostile work environment which altered the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

35.     Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

36.     Defendants' actions constitute unlawful intentional race discrimination

in violation of 42 U.S.C. § 1981.

37.     Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

38.     As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

39.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of his rights under 42 U.S.C. § 1981.

**COUNT II**
**42 U.S.C. § 1981 – RACE DISCRIMINATION – WRONGFUL**
**TERMINATION**
*Against All Defendants*

40.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

41.     At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing and David Fussell.

42.     42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to his employment.

43.     The above-pleaded discriminatory conduct toward Plaintiff in terminating his employment based on unjustified and untrue accusations which were intentionally designed to create a pretext for termination constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

44.     Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

45.     Defendants' actions constitute unlawful intentional race discrimination in violation of 42 U.S.C. § 1981.

46.     Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

47.     As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

48.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of his rights under 42 U.S.C. § 1981.

## COUNT III
## 42 U.S.C. § 1981 – RACE DISCRIMINATION – DISPARATE PAY
*Against All Defendandants*

49.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

50.     At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing and David Fussell.

51.     42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to his employment.

52.     Defendants paid Plaintiff at a lower rate because of his race in violation of 42 U.S.C. § 1981 as pleaded above.

53.     Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

54.     Defendants' actions constitute unlawful intentional race discrimination

in violation of 42 U.S.C. § 1981.

55.     Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

56.     As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

57.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of his rights under 42 U.S.C. § 1981.

**<u>COUNT IV</u>**
**42 U.S.C. § 1981 – RETALIATORY HOSTILE WORK ENVIRONMENT**
*Against All Defendants*

58.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

59.     At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing and David Fussell.

60.     42 U.S.C. § 1981 prohibits Defendants from retaliating against Plaintiff because he opposed conduct made unlawful by § 1981.

61.     The above-pleaded retaliatory conduct toward Plaintiff, including, but not limited to, lowered pay, demeaning and exclusionary treatment, use of racial slurs, and unjustified and untrue accusations constitutes a hostile work environment which was materially adverse in violation of 42 U.S.C. § 1981.

62.     Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

63.     Defendants' actions constitute unlawful retaliation in violation of 42 U.S.C. § 1981.

64.     Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' retaliation against Plaintiff was undertaken in bad faith.

65.     As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

66.     Accordingly, Plaintiff is entitled to the equitable and monetary relief

set forth in the following prayer for relief for Defendants' violation of his rights under 42 U.S.C. § 1981.

## COUNT V
## 42 U.S.C. § 1981 – RETALIATORY TERMINATION
*Against All Defendants*

67.    Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

68.    At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing and David Fussell.

69.    42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to his employment.

70.    The above-pleaded discriminatory conduct toward Plaintiff in terminating his employment based on unjustified and untrue accusations which were intentionally designed to create a pretext for termination constitutes unlawful retaliation against Plaintiff for opposing practices made unlawful by 42 U.S.C. § 1981.

71.    Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against

Defendants.

72.    Defendants' actions constitute unlawful intentional race discrimination in violation of 42 U.S.C. § 1981.

73.    Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

74.    As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

75.    Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of his rights under Title VII.

**COUNT VI**
**TITLE VII – RACE DISCRIMINATION - HOSTILE WORK ENVIRONMENT**
*Against Defendant Fussell Manufacturing*

76.    Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

77.    At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing.

-14-

78.   Title VII prohibits Fussell Manufacturing from discriminating against Plaintiff on the basis of race with regard to his employment.

79.   The above-pleaded discriminatory conduct toward Plaintiff, including, but not limited to, lowered pay, demeaning and exclusionary treatment, use of racial slurs, and unjustified and untrue accusations constitutes a hostile work environment which altered the terms and conditions of his employment in violation of Title VII.

80.   Fussell Manufacturing undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Fussell Manufacturing.

81.   Fussell Manufacturing's actions constitute unlawful intentional race discrimination in violation of Title VII.

82.   Fussell Manufacturing willfully and wantonly disregarded Plaintiff's federally protected rights and Fussell Manufacturing's discrimination against Plaintiff was undertaken in bad faith.

83.   As a direct and proximate result of Fussell Manufacturing's violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income,

humiliation, and other indignities.

84.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Fussell Manufacturing's violation of his rights under Title VII.

<u>COUNT VII</u><br>
<strong>TITLE VII – RACE DISCRIMINATION – WRONGFUL TERMINATION</strong><br>
<em>Against Defendant Fussell Manufacturing</em>

85.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

86.     At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing.

87.     Title VII prohibits Fussell Manufacturing from discriminating against Plaintiff on the basis of race with regard to his employment.

88.     The above-pleaded discriminatory conduct toward Plaintiff in terminating his employment based on unjustified and untrue accusations which were intentionally designed to create a pretext for termination constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of Title VII.

89.     Fussell Manufacturing undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or

-16-

additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Fussell Manufacturing.

90.     Fussell Manufacturing's actions constitute unlawful intentional race discrimination in violation of Title VII.

91.     Fussell Manufacturing willfully and wantonly disregarded Plaintiff's federally protected rights and Fussell Manufacturing's discrimination against Plaintiff was undertaken in bad faith.

92.     As a direct and proximate result of Fussell Manufacturing's violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

93.     Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Fussell Manufacturing's violation of his rights under Title VII.

## **COUNT VIII**
## **TITLE VII – RACE DISCRIMINATION – DISPARATE PAY**
### *Against Defendant Fussell Manufacturing*

94.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

95.     At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing.

96.     Title VII prohibits Fussell Manufacturing from discriminating against Plaintiff on the basis of race with regard to his employment.

97.     Fussell Manufacturing paid Plaintiff at a lower rate because of his race in violation of Title VII as pleaded above.

98.     Fussell Manufacturing undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

99.     Fussell Manufacturing's actions constitute unlawful intentional race discrimination in violation of Title VII.

100.    Fussell Manufacturing willfully and wantonly disregarded Plaintiff's federally protected rights and Fussell Manufacturing's discrimination against Plaintiff was undertaken in bad faith.

101.    As a direct and proximate result of Fussell Manufacturing's violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income,

humiliation, and other indignities.

102.   Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Fussell Manufacturing's violation of his rights under Title VII.

**<u>COUNT VIII</u>**
**Title VII – RETALIATORY HOSTILE WORK ENVIRONMENT**
*Against Defendant Fussell Manufacturing*

103.   Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

104.   At all times material to this Complaint, Plaintiff was employed by Fussell Manufacturing.

105.   Title VII prohibits Fussell Manufacturing from retaliating against Plaintiff because he opposed conduct made unlawful by Title VII.

106.   The above-pleaded retaliatory conduct toward Plaintiff, including, but not limited to, lowered pay, demeaning and exclusionary treatment, use of racial slurs, and unjustified and untrue accusations constitutes a hostile work environment which was materially adverse in violation of Title VII.

107. Fussell Manufacturing undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to

Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Fussell Manufacturing.

108.   Fussell Manufacturing's actions constitute unlawful retaliation in violation of Title VII.

109.   Fussell Manufacturing willfully and wantonly disregarded Plaintiff's federally protected rights and Fussell Manufacturing's retaliation against Plaintiff was undertaken in bad faith.

110.   As a direct and proximate result of Fussell Manufacturing's violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

111.   Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Fussell Manufacturing's violation of his rights under Title VII.

## COUNT X
## TTITLE VII – RETALIATORY TERMINATION
*Against Defendant Fussell Manufacturing*

112.   Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint, as if they were fully set forth herein.

113.   At all times material to this Complaint, Plaintiff was employed by

Fussell Manufacturing.

114.   Title VII prohibits Fussell Manufacturing from discriminating against Plaintiff on the basis of race with regard to his employment.

115.   The above-pleaded discriminatory conduct toward Plaintiff in terminating his employment based on unjustified and untrue accusations which were intentionally designed to create a pretext for termination constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of Title VII.

116.   Fussell Manufacturing undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Fussell Manufacturing.

117.   Fussell Manufacturing's actions constitutes unlawful intentional race discrimination in violation of Title VII.

118.   Fussell Manufacturing willfully and wantonly disregarded Plaintiff's federally protected rights and Fussell Manufacturing's discrimination against Plaintiff was undertaken in bad faith.

119.   As a direct and proximate result of Fussell Manufacturing's violations

of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

120.   Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Fussell Manufacturing's violation of his rights under Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

(a)     That a jury trial be had on all issues so triable;

(b)     Back pay and benefits;

(c)     Front pay and benefits;

(d)     Compensatory damages;

(e)     Punitive damages;

(f)     Declaratory relief;

(g)     Injunctive relief to prevent Defendants from engaging in such discriminatory conduct in the future;

(h)     Costs incurred in bringing this action, including Plaintiff's attorneys' fees;

(i)     Interest on all monetary awards; and

(j)     Such other and further relief the Court may deem appropriate.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

demand a trial by jury on all issues so triable.

Respectfully submitted this 4th day of November, 2022.

**BUCKLEY BEAL LLP**

By:    */s/ Edward D. Buckley*
      Edward D. Buckley
      Georgia Bar No. 092750
      edbuckley@buckleybeal.com
      Joseph Quattlebaum
      Georgia Bar No. 319971
      jquattlebaum@buckleybeal.com
      600 Peachtree Street NE
      Suite 3900
      Atlanta, GA  30308
      Telephone: (404) 781-1100
      Facsimile:  (404) 781-1101

      *Attorneys for Plaintiff*